IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>DAVID HOUGH,<br><br>  Defendant. | Case No. CR-04-20149 RMW<br>[CR-04-00362 RMW]<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS PURSUANT TO THE 4TH AND 5TH AMENDMENTS<br><br>**[Re Docket Nos. 29, 34, 43, 48, 51, 60, 61, 62]** |

Defendant David Hough has brought a motion to suppress statements and evidence pursuant to the Fourth and Fifth Amendments. For the reasons set forth below, the court denies the motion.

On October 20, 2003 the housemate of Hough reported to Sharon Donaldson, an investigator with the SAFE Task Force, that Hough, who was on parole for a violation of a registration requirement for sex offenders, had images of naked minors on his computer. On October 21, 2003, Donaldson went to Hough's residence and asked him whether he had child pornography on his computer. Hough gave Donaldson his user name and password and then she searched and seized Hough's computer after locating graphic images of nude prepubescent males in seductive poses.

The government argues that Hough consented to the search of his computer and that his voluntary consent implicitly extended to future searches. Opp'n Supp'l Br., docket no. 48, at 11-15. The court disagrees. The prosecution bears the burden of showing that consent was "freely and voluntarily given." *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968). In her summary of the

1  October 21st parole search of Hough's apartment, Investigator Donaldson states that she and another
2  investigator "informed suspect Hough" that they "were there to conduct a parole search."  Def.
3  Supp'l Br., docket no. 43, Ex. B.  She then "told him" she "was going to search his computer for
4  images."  *Id.*  Defendant similarly recounts:  "When Investigator Donaldson came into my room with
5  the other agent, they said that they were from the parole office and that they wanted to conduct a
6  search."  Def. Supp'l Br., Ex. C ("Hough Decl.") ¶ 4.

7  Hough was aware that as a parolee, he was "subject to being searched at any time."  *Id*. ¶ 3.
8  He states that he "was told that [he] had no ability to object to any search" while on parole.  *Id.*  The
9  court finds that Hough's actions do not demonstrate free and voluntary consent to the search of his
10 home or computer but, rather, show only Hough's compliance with the conditions of his parole.  As
11 the prosecution has shown only that Hough acquiesced to a claim of lawful authority, it has not
12 discharged its burden in proving his voluntary consent.  *See Bumper*, 391 U.S. at 548-49.

13 It is, however, undisputed that the search of Hough's home and the seizure of his computer
14 on the day of his arrest was lawful, as Hough was subject to a parole search condition at that time.[1]
15 Def. Supp'l Br. at 3.  Thus, at the time Hough's computer was lawfully seized, a law enforcement
16 officer could have conducted a warrantless parole search of the computer.  The court finds that by
17 analogy to the Supreme Court's reasoning in *United States v. Johns*, the government's delay in the
18 execution of the warrantless search was not unreasonable.  469 U.S. 478, 486 (1985) (finding, in the
19 context of a vehicle search, that the warrantless search of seized packages was not unreasonable
20 where officers opened the packages three days later).

21 The government searched Hough's computer on November 21st, one month after the
22 computer had been lawfully seized.[2]  Opp'n Supp'l Br., Ex. D.  Hough makes clear in his declaration
23 that he, correctly, had no expectation of privacy in his computer.  Hough Decl. ¶ 3 ("I knew that . . .
24 my room and personal property could also be searched at any time.").  The government's delay in

---

[1] A condition of defendant's parole was that "any property" under defendant's control "may be searched without a warrant by an agent of the Department of Corrections or any law enforcement officer."  Opp'n Mot. Suppress, docket no. 34, Ex. B.

[2] A forensic backup of Hough's hard drive was created during this search.  Opp'n Supp'l Br., Ex. D.  As all subsequent searches were of these forensic backups, they are not subject to the reasonableness inquiry discussed here.  *Id.* at 3-4.

1  executing the warrantless search was not unreasonable because it did not adversely affect any
2  privacy or possessory interest Hough had in his computer. *See Johns*, 469 U.S. at 487. In light of
3  *Johns*, a one month delay in conducting a detailed and complicated hard drive search was not
4  unreasonable. *Id.* Computer searches are often lengthy and technologically complex. Given the
5  complicated nature of computer data and hardware, it would be unrealistic to require law
6  enforcement officers to immediately search the stored material on a computer lawfully seized such
7  as in the course of a parole search.

8  Defendant argues that Hough was no longer on parole on November 21, 2003 when the first
9  in-depth search of the images on his computer was performed by the Silicon Valley Computer
10 Forensics Laboratory at the request of the County District Attorney. Therefore, argues defendant,
11 the search on November 21, 2003 cannot be viewed as a parole search.

12 Although not critical to the lawfulness of the search, the evidence establishes that parole was
13 not finally revoked until December 22, 2003. Defendant raises a question about the accuracy of the
14 December 22 date by quoting information supplied by telephone that parole was revoked on
15 November 21. Even if a November 21 revocation date were supported by some evidence, it appears
16 that Hough could have still demanded a hearing thereafter on his parole revocation, and, therefore,
17 the State authorities still had an interest in the content of the computer for potential parole violation
18 proceedings.

19 Defendant complains further about a March 25, 2004 search, requested by ICE, of the
20 forensic backups of Hough's computer for downloads, e-mail addresses and evidence showing the
21 distribution of sexually explicit images. The court is not aware of any case that suggests law
22 enforcement cannot take a more thorough look at a later time of evidence properly seized and
23 reviewed earlier.

24 On May 3, 2004 Special Agent Boone of ICE, interviewed Hough. The defendant claims
25 that information obtained in this interview was tainted by the earlier illegal searches. Defendant
26 does not dispute that he was advised per *Miranda*. Since the searches were legal, the statements
27 made by Hough are not subject to challenge as being tainted. Nor are later investigative reviews of
28 the contents of forensic back-ups from Hough's computer or the computer itself. Hough had no

expectation of privacy in the material stored on his computer.

Although the court does not need to reach the question, the government obtained a search warrant on August 12, 2005 using only the information it had following the initial parole search on October 21, 2004.  The application did not inform the issuing magistrate judge of the prior searches or interview of Hough.  The defendant argues that this search was illegal and does not enable the government to use what the defense claims was evidence it illegally collected before.  The defense contends that at least a *Franks* hearing is required.

A court presented with evidence of false or misleading statements in a warrant affidavit must conduct a two-part inquiry.  The Supreme Court held in *Franks v. Delaware*:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155-56 (1978) (emphasis added).

Thus, "[d]emonstrating that an affidavit contained falsities or omissions is insufficient to require a *Franks* hearing." *United States v. Whitworth*, 856 F.2d 1268, 1280 (9th Cir. 1988).  The court must find that the omitted or falsified information was necessary to the magistrate's issuance of the warrant. *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (to necessitate *Franks* hearing, court must find that "affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause").

The defense aptly notes dicta in *Whitworth* in which the Ninth Circuit asserts it "does not believe it is proper for law enforcement officials to withhold information regarding prior searches of the same premises from magistrates considering warrant applications." *Whitworth*, 856 F.2d at 1281.  While the court cautioned that "the better practice is to advise the magistrate that an earlier [search] has been conducted and provide the reasons why a warrant is still required," the court found that "notwithstanding [its] disapproval of the government's strategy," it agreed with the district court that omission of the previous search did not necessitate a *Franks* hearing. *Id.* at 1281-82 (noting that failure to disclose prior search could not have affected magistrate's decision to issue warrant, as warrant application did not rely on evidence seized or discovered during prior searches).

1    Thus, omission of case history does not necessarily invalidate a search warrant. *See also United States v. Rettig*, 589 F.2d 418, 422 (9th Cir. 1979) (noting that failure to advise judge of previous unsuccessful attempt to obtain search warrant did not, on its face, invalidate warrant). If the court believed the government's omissions to be intentional, knowing, or reckless, the court still must find that the omissions were material to the magistrate's determination of probable cause. *Stanert*, 762 F.2d at 781. The defense correctly notes that by "reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw" and that to "allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning." *See Stanert*, 762 F.2d at 781. However, that is not the case here.

"The government need not include *all* of the information in its possession to obtain a search warrant." *United States v. Johns*, 948 F.2d 599, 606 (9th Cir. 1991). The Ninth Circuit has stated that the "omission of facts rises to the level of misrepresentation only if the omitted facts 'cast doubt on the existence of probable cause.'" *Id.* at 606-07 (citation omitted) (where government chose not to disclose informant's existence and the information he provided and where omission of the information would likely strengthen finding of probable cause, a *Franks* hearing was not justified). In the *Hough* warrant affidavit, the facts supporting probable cause derive from Investigator Donaldson's parole search of Hough's apartment and not from subsequent searches of Hough's computer. *See* Warrant ¶¶ 19-26. Here, the undisclosed information—the subsequent searches of Hough's computer and forensic backups of his hard drive—would neither weaken nor strengthen the magistrate's finding of probable cause.[3]

The magistrate judge would most likely determine, given all case history, that "there is a fair probability that contraband or evidence of a crime [would] be found" on Hough's hard drive. *See United States v. Mendonsa*, 989 F.2d 366, 368 (9th Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Thus, any of the government's omissions, even if proved reckless, were most likely not material to the magistrate judge's issuance of the warrant and a *Franks* hearing is not

---

[3] The defense also notes that the warrant affidavit states that Donaldson "located graphic images of nude prepubescent males in seductive poses," but fails to mention that Donaldson viewed only three to four images. Warrant ¶ 24; *see* Donaldson Decl. The number of pornographic images viewed by Donaldson was not likely a dispositive factor in the magistrate judge's determination.

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS PURSUANT TO THE 4TH AND 5TH AMENDMENTS—No. CR-04-20149 RMW
SEG                                    5

required.

The court denies defendant's motion to suppress the evidence uncovered in the course of the subsequent search of defendant's computer and denies defendant's motion to suppress statements made during defendant's interrogation by Special Agent Malcolm Boone.

DATED:     8/7/06                                                        /s/ Ronald M. Whyte
                                                                                         RONALD M. WHYTE
                                                                                         United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
Shawna Yen

**Counsel for Defendant(s):**
Lara Suzanne Vinnard

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/7/2006                              SPT
                                                    **Chambers of Judge Whyte**